**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Neila Iris Sanchez,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-25-03023-PHX-JJT<br><br>**ORDER** |

At issue is the Social Security Administration's denial under the Social Security Act of Plaintiff Neila Iris Sanchez's application for supplemental security income benefits. Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial. The Court has reviewed Plaintiff's Opening Brief (Doc. 11, Op.), the Commissioner's Answering Brief (Doc. 12, Ans.), Plaintiff's Reply Brief (Doc. 13, Reply), and the Administrative Record (Doc. 8, R.). For the reasons set forth below, the Court reverses the Administrative Law Judge's decision (R. at 15–44) and remands this case for further proceedings.

## I. BACKGROUND[1]

The Court has reviewed the record and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, Plaintiff applied for benefits on November 9, 2020 for a period of disability beginning in her childhood on November 16, 2012. (R. at 15; Opening

---

[1] When referring to papers submitted by the parties, the Court cites to the page number as generated by the Electronic Court Filing system, not the parties' own page demarcation.

Br. at 1.) After her claim was denied initially and again upon reconsideration, Plaintiff requested a hearing.

Before the hearing took place, certified physician assistant and Plaintiff's treating mental health provider MacKenzie Froehle completed a Mental Medical Source Statement of Plaintiff. (R. at 1331–36.) P.A. Froehle noted that Plaintiff is "thus far having improved response in mental health" but "[c]ontinues to require close follow up with history of Autism." (R. at 1331.) P.A. Froehle determined that Plaintiff had marked ability to understand, remember, or apply information, interact with others, concentrate, persist, or maintain pace, and similar types of skills. (*See* R. at 1333–34.) She reported the following clinical findings that support her assessment of Plaintiff: "depressed mood, anhedonia, irritability, avoidant behaviors, excessive worry, racing thoughts, feeling overwhelmed causing impact on home and work life," and "Autism affecting social and daily interactions at home and social settings." (R. at 1332.)

Administrative Law Judge ("ALJ") Carla L. Waters held a hearing on April 13 and 24, 2023. At the hearing, the agency's testifying psychologist Dr. Tonia Porchia testified that Plaintiff has marked limitations in the following areas: (1) understanding, remembering, or applying information; (2) interacting with others; and (3) adapting or managing oneself. (R. at 61.) Dr. Porchia determined that Plaintiff's ability to concentrate, persist, or maintain pace was only moderately limited. (R. at 61.) Based on these limitations, Dr. Porchia opined that Plaintiff has autism spectrum disorder and generalized anxiety disorder, and the combination of those conditions medically equals Listings 12.06 and 12.10 of the Social Security Administration's Listings of Impairments. (R. at 60.) *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1.

The ALJ denied Plaintiff's application on July 23, 2024. While the ALJ determined that Plaintiff had severe impairments of specific learning disability, mixed anxiety and depressive disorder, and autism spectrum disorder (R. at 19), she concluded that those impairments did not meet or medically equal the severity of those in the Listings of Impairments (R. at 26–27). The ALJ found that Plaintiff had the residual functioning

capacity to perform work at all exertional levels but limited to simple, routine work with simple work-related decisions and simple instructions with no public contact and few changes in work setting. (R. at 29.) Based on this work capacity, the ALJ concluded that there existed a significant number of jobs in the national economy that Plaintiff could perform, including motor vehicle assembler and hand packager. (R. at 43.)

In finding Plaintiff not disabled, the ALJ considered Dr. Porchia's opinion of Plaintiff's marked limitation in adapting or managing herself (R. at 28) but interpreted the remainder of Dr. Porchia's opinion to suggest that Plaintiff's limitation in the other three functional areas to be only moderate (R. at 33). The ALJ also determined that P.A. Froehle's assessment was not persuasive because she provided little support for the assessment and her conclusion of marked limitations was inconsistent with her own treatment notes of Plaintiff and the assessments of consultive examiner Dr. José Abreu and vocational evaluator Joseph Burridge. (R. at 41–42.)

Plaintiff appealed to the Appeals Council. On June 27, 2025, the Appeals Council denied review and adopted the ALJ's decision. (R. at 1–8.) The instant appeal followed.

**II. LEGAL STANDARD**

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002)

(citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

## III. ANALYSIS

Plaintiff appeals the ALJ's determination and asserts that the ALJ erred by rejecting the opinions of Dr. Porchia and P.A. Froehle without a sufficient explanation that included a rational interpretation of this record supported by substantial evidence.

### A. Dr. Porchia's Opinion

Defendant concedes that the ALJ erred by misinterpreting Dr. Porchia's opinion to suggest that Plaintiff had only moderate limitation in interacting with others and understanding, remembering, and applying information when Dr. Porchia testified that a

*marked* limitation existed in those areas. (Ans. at 5.) Defendant also concedes that remand is appropriate. The point of contention here is whether this matter should be remanded for further proceedings or a calculation of benefits.

Defendant advocates for the former, arguing that Dr. Porchia's opinion regarding Plaintiff's marked limitations was contradicted by evidence of improvement with treatment and independent self-management, including Plaintiff's ability to take the bus, attend part-time community college, drive, and travel to Hawaii for a job interview. (Ans. at 5–6.) Defendant also notes that the ALJ observed that Plaintiff's anxiety and depression symptoms improved with treatment, which conflicted with Dr. Porchia's testimony about marked limitation. (Ans. at 7.) According to Defendant, these inconsistencies require further proceedings so that the record can be fully developed. In response, Plaintiff argues that no significant factual conflicts exist to warrant further proceedings, and the Court should credit Dr. Porchia's opinion as true.

Generally, remand for further administrative proceedings is the appropriate remedy if enhancement of the record would be useful. *See Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."). However, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the court should remand for an award of benefits. *See Smolen v. Chater,* 80 F.3d 1273, 1292 (9th Cir. 1996). More specifically, the district court should credit evidence that was rejected during the administrative process as true and remand for an immediate award of benefits when: (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited as true. *Harman v. Apfel,* 211 F.3d 1172, 1178 (9th Cir. 2000).

Generally, "an ALJ's failure to provide sufficiently specific reasons for rejecting the testimony of a [. . .] witness does not, without more, require the reviewing court to

credit the claimant's testimony as true." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1106 (9th Cir. 2014). Thus, Dr. Porchia's opinion may only be credited as true if there are no outstanding issues or contradictions, and the record shows that, if Dr. Porchia's opinion were true, Plaintiff would be found disabled. *Harman*, 211 F.3d at 1178; *see also Dominguez v. Colvin*, 808 F.3d 403, 408 (9th Cir. 2015) (holding that remand, rather than a decision from a reviewing court, is appropriate "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act" (citations omitted)).

The parties agree that the ALJ's discussion of Dr. Porchia's opinion was legally insufficient, so the first prong of the credit-as-true analysis is satisfied. As to the second prong, Dr. Porchia's opinion that Plaintiff had marked limitation in areas of social interaction and understanding or remembering (R. at 61), is not entirely consistent with Plaintiff's reported daily activities and improvements in her anxiety and depression with treatment (R. at 27–28). On these points, the ALJ had not yet had the opportunity to weigh Dr. Porchia's opinion against this other evidence in the record that suggests, at least according to the ALJ, only a moderate limitation in those functional areas. (*See* R. at 27–28.) This inconsistency leaves unresolved issues regarding Plaintiff's functioning under paragraph B criteria for Listing 12.06 and 12.10. *See Harman*, 211 F.3d at 1178. The second prong of the credit-as-true analysis is not met here, and further proceedings are warranted.

**B. P.A. Froehle's Assessment**

Plaintiff next argues that the ALJ erred in finding that P.A. Froehle's assessment was unpersuasive by failing to explain how the following evidence was inconsistent with that assessment: (1) Plaintiff's reports of improvement with treatment and some normal mental status examinations; (2) Plaintiff's participation in part-time college and self-reported ability to "take care of things at home or get along with others"; and (3) the assessments of Dr. Abreu and Mr. Burridge. (Op. at 21–23.)

The Commissioner responds that the ALJ reasonably found that P.A. Froehle

provided little support for her evaluation because she "made no references to objective evidence and only gave cursory descriptions of Plaintiff's symptoms, impairments, and course of treatment." (Ans. at 7.) But that is not the reason the ALJ provided; she considered only whether the assessment was *consistent* with the record. *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."). The only discussion of supportability is found in one single sentence: "[P.A.] Froehle provided little support for these opinions." (R. 42.) This explanation is plainly insufficient. *See Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) ("Supportability means the extent to which a medical source supports the medical opinion by explaining the relevant objective medical evidence.") (citation modified); 20 C.F.R. § 404.1520c(c)(1).

On the issue of consistency, the Commissioner contends that the contradictions between P.A. Froehle's treatment notes and assessment provided substantial evidence for the ALJ to reject that assessment. (Ans. at 7.) But as Plaintiff points out (Reply at 10), the ALJ does not explain how mood improvement and normal mental status findings undermine P.A. Froehle's assessment of Plaintiff's marked limitations to "carry out very short and simple instructions" or "accept instructions and respond appropriately to criticism for supervisors," for example (*see* R. at 1333–34).

Finally, the Commissioner argues that the ALJ did not err by finding that P.A. Froehle's assessment was inconsistent with the assessments of Dr. Abreu and Mr. Burridge. Interestingly, though, the ALJ found that Dr. Abreu's assessment was somewhat inconsistent with the record because "other evaluations and treatment notes . . . support greater limitations than [what Dr. Abreu] opined." (R. at 40.) In other words, the ALJ found that P.A. Froehle's assessment was inconsistent with another somewhat inconsistent assessment in the record—this rationalization, without more, is simply illogical. As to Mr. Burridge's vocational assessment, the ALJ fails to reason how it undermines P.A. Froehle's assessment beyond merely concluding that it does.

Plaintiff does not argue that P.A. Froehle's opinion must be credited as true, and

even if she had the Court finds that there are factual inconsistencies with the ALJ's opinion that must be resolved before a determination of disability can be made.

**IT IS ORDERED** reversing the July 23, 2024 decision of the Administrative Law Judge, (R. at 15–44), as upheld by the Appeals Council on June 27, 2025 (R. at 1–8).

**IT IS FURTHER ORDERED** remanding this case to the Social Security Administration for further proceedings consistent with this Order.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter final judgment consistent with this Order and close this case.

Dated this 14th day of August, 2026.

Honorable John J. Tuchi
United States District Judge